**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| NATHAN C. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-315-RAH-CWB |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 18, 2025, the undersigned Magistrate Judge entered an order directing Plaintiff to show cause by July 2, 2025 as to why the pending motion to dismiss filed by the Commissioner of the Social Security Administration should not be granted. (*See* Doc. 8). To date, Plaintiff has failed to respond or otherwise provide any argument that this action should not be so dismissed. For the reasons set out below, the court concludes that dismissal indeed is appropriate.

**I.     Procedural Background**

The Complaint originally was filed in the Circuit Court of Houston County, Alabama. (*See* Doc. 1-1 at p. 4). Plaintiff requested $20,000.00 in damages on the core allegation that his Social Security Disability benefits were not converted to Social Security Retirement benefits upon attaining the age of 62. (*Id*.). The Commissioner then removed proceedings to this court under 28 U.S.C. § 1442(a)(1) and sought dismissal on multiple grounds. (*See* Docs. 1 & 7).

**II.    Discussion**

First, the Commissioner asserts that dismissal is required because Plaintiff failed to exhaust administrative remedies prior to filing suit. (*See* Doc. 7 at pp. 3-4). Judicial review of agency decisions is permitted under 42 U.S.C. § 405(g) but only <u>after</u> a final administrative decision has been issued. *See Smith v. Berryhill*, 587 U.S. 471, 478 (2019); *see also Crayton v. Callahan*,

120 F.3d 1217, 1220 (11th Cir. 1997) (discussing prerequisites to judicial review of an agency decision).  Here, the Complaint contains nothing to indicate that Plaintiff undertook to exhaust his administrative remedies or obtained a waiver of the exhaustion requirement.  (*See* Doc. 1-1 at p. 4).  Dismissal for lack of jurisdiction therefore is appropriate to the extent Plaintiff now is seeking to proceed under § 405(g).  *See Anderson v. Comm'r, Soc. Sec. Admin.*, 544 F. App'x 861 (11th Cir. 2013) (affirming dismissal for failure to exhaust administrative remedies); *Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024) (same); *see also Crayton*, 120 F.3d at 1222 ("[C]laimants should make their claims to the agency and exhaust their administrative remedies before the federal court would have jurisdiction to review the agency decision.").

      The Commissioner next asserts that the Complaint fails to establish alternate grounds for jurisdiction vis-à-vis the Mandamus Act, 28 U.S.C. § 1361.  (*See* Doc. 7 pp. 4-7).  Although it remains unclear in this circuit whether the Mandamus Act affords jurisdiction as a means to circumvent the general exclusivity of remedies under the Social Security Act, it is sufficiently settled that "[m]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases" and is "only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available."  *Cash v. Barnhart*, 327 F.3d 1252, 1257-58 (11th Cir. 2003) (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).  Even assuming that mandamus could potentially provide a basis for jurisdiction, the Complaint fails to set out "a clear right to the relief requested," "a clear duty to act," and/or "no other adequate remedy" so as to state a facially plausible claim.  *See Cash*, 327 F.3d at 1257.  Dismissal thus would be appropriate for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

**III.     Conclusion**

For all these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **September 4, 2025**.  An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection.  An objecting party also must identify any claim or defense that the Recommendation has not addressed.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 21st day of August 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**